IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CAITO FOODS, LLC<br>3120 N Post Road<br>Indianapolis, IN 46226<br><br>Plaintiff,<br><br>v.<br><br>F2F, LLC, a Missouri Limited Liability<br>Company, d/b/a Fields Foods and d/b/a<br>St. Louis Food HUB<br>c/o Registered Agent C T<br>Corporation System<br>120 South Central Avenue<br>Clayton, MO 63105<br><br>and<br><br>CHRISTOPHER GOODSON<br>1935 Park Avenue<br>St. Louis, MO 63104<br><br>Defendants. | CIVIL CASE NO.: |

## COMPLAINT

Plaintiff Caito Foods, LLC ("Plaintiff") brings this civil action against F2F, LLC d/b/a St. Louis Food HUB and d/b/a Fields Foods ("Fields Foods") and Christopher Goodson individually and in his corporate capacity (collectively, "Defendants"), for damages and equitable relief and alleges as follows:

### I. JURISDICTION

1. Federal question jurisdiction is vested in this Court pursuant to the Perishable Agricultural Commodities Act, specifically 7 U.S.C. §499e(b)(2) and §499e(c)(5)(i). This Court is

1

also vested with ancillary and/or pendent jurisdiction pursuant to 28 U.S.C. §1367(a) over Plaintiff's related state-based claims.

## II. VENUE

2. Venue is proper in this district pursuant to 28 U.S.C. §1391 in that the sales transactions which are the subject of this action occurred within this district and in that the Defendants are domiciled in this district.

## III. PARTIES

3. Plaintiff is a Michigan Limited Liability Company with its principal place of business in Indianapolis, Indiana and is engaged in the business of selling wholesale quantities of fresh fruits and vegetables nationwide. At all times relevant herein, Plaintiff held federal produce license number 20170299 from the U.S. Department of Agriculture/PACA Branch in good and active standing.

4. Defendant F2F, LLC is a Missouri Limited Liability Company with its principal place of business in St. Louis, Missouri. F2F, LLC was doing business under the names of St. Louis Food HUB as well as Fields Foods. Fields Foods was, at all times relevant herein, acting as a dealer and commission merchant of wholesale quantities of perishable agricultural commodities in Missouri and as such is subject to the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §499a, *et seq*., ("PACA"). At all times relevant herein, Fields Foods has not maintained a federal produce license from the U.S. Department of Agriculture/PACA Branch; however, it is subject to PACA.

5. Individual Defendant Christopher Goodson ("Individual Defendant") is or was an owner, officer, director, and/or at least 10% shareholder of Fields Foods during the relevant time period, making him "reasonably connected" under PACA. This Individual Defendant is or was a person in control of, and responsible for, the day to day operations of Fields Foods and the

2

disposition of Fields Foods' assets, including its PACA trust assets. Individual Defendant is charged with a continuing statutory fiduciary duty to Plaintiff to ensure full payment promptly as mandated by PACA.

## IV. CLAIMS FOR RELIEF

### COUNT I

### DEFENDANT FIELDS FOODS

#### (Failure to Maintain PACA Trust)

6. Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully written herein.

7. At Fields Foods' request, Plaintiff sold, on credit and through interstate commerce, perishable agricultural commodities to Defendants, as set forth in the following table:

| Plaintiff | Dates of Transactions | Commodities | Total Amount Sold | Amount[1] Unpaid |
|---|---|---|---|---|
| Caito Foods, LLC | January 29, 2017 through August 25, 2017 | Fresh Fruits and Vegetables | $157,081.61 | $157,081.61 |

8. Plaintiff duly delivered the perishable agricultural commodities to Fields Foods.

9. Fields Foods received and accepted the perishable agricultural commodities from Plaintiff.

10. Pursuant to the payment terms between the parties, Fields Foods is in default with respect to the principal amount of $157,081.61 outstanding to Plaintiff. *See* Statement of Account attached hereto and incorporated herein as Exhibit A.

11. Pursuant to the trust provision of PACA, 7 U.S.C. §499e(c)(2), and the Code of Federal Regulations promulgated thereunder, upon receipt of said commodities, a statutory trust

---

[1] Plus accruing interest at 1.50% per month and attorney fees and costs.

arose in favor of Plaintiff as to all commodities received, all inventories of food or other products derived from said commodities, and the proceeds from the sale of such commodities until <u>full payment</u> is made for said commodities by Fields Foods to Plaintiff.

12.     Fields Foods has failed and refused to pay for the commodities it ordered, received, and accepted from Plaintiff, despite due demand.

13.     On each of the outstanding invoices sent by Plaintiff to Fields Foods, Plaintiff, as a PACA licensee, placed the exact language statutorily prescribed by PACA to be placed on all invoices by the licensee to notify the buyer that a seller/supplier of perishable agricultural commodities is preserving its rights as a beneficiary to the statutory trust [7 U.S.C. §499e(c)(4)], plus interest and attorney fees.

14.     Plaintiff is an unpaid creditor, supplier, and seller of perishable agricultural commodities as those terms are defined under PACA.

15.     Upon information or belief, Fields Foods has dissipated and is continuing to dissipate the *corpus* of the statutory trust which arose in favor of plaintiff and grew upon each delivery of perishable agricultural commodities.

16.     The failure of Fields Foods to hold in trust for the benefit of Plaintiff such perishable agricultural commodities received by it from Plaintiff, and all inventories of food or other products derived from said commodities, and the proceeds from the sale of such commodities until full payment of the sums owing to Plaintiff for said commodities, constitute violations of PACA and PACA Regulations and are unlawful, and, as a direct and proximate result Plaintiff has suffered damages.

## COUNT II

## ALL DEFENDANTS

### (Dissipation of Trust Assets)

17. Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

18. Upon information and belief, proceeds obtained from the sale of the perishable agricultural commodities purchased on credit from Plaintiff that were needed to make full payment promptly to trust beneficiaries by PACA, were improperly expended by Fields Foods and the Individual Defendant for other purposes.

19. On each of the outstanding invoices sent by Plaintiff to Fields Foods and the Individual Defendant, Plaintiff, as a PACA licensee, placed the exact language statutorily prescribed by PACA to be placed on all invoices by the licensee to notify the buyer(s) that the seller/supplier of perishable agricultural commodities is preserving its rights as a beneficiary to the statutory trust [7 U.S.C. §499e(c)(4)], plus interest and attorney fees.

20. Upon information and belief, Fields Foods and the Individual Defendant received funds subject to the trust arising under 7 U.S.C. §499e(c), which should have been used to pay Plaintiff's outstanding invoices, but were not.

21. As a direct result of the dissipation of trust assets by Fields Foods and the Individual Defendant, Plaintiff has suffered damages.

## COUNT III

## DEFENDANT FIELDS FOODS

### (Failure to Account and Pay for Produce – 7 U.S.C. §499b (Unfair Conduct))

22. Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

5

23. Fields Foods has failed and refused, without reasonable cause, to account and make full payment promptly of $157,081.61 to Plaintiff, which sum is unpaid and overdue to Plaintiff for the perishable agricultural commodities ordered, received, and accepted from Plaintiff.

24. The failure and refusal of Fields Foods to account and make said payments to Plaintiff for the commodity sales transactions is a violation of PACA (7 U.S.C. §499b) and PACA regulations, constituted Unfair Conduct, is unlawful, and, as a direct result, Plaintiff has suffered damages.

## COUNT IV

## ALL DEFENDANTS

**(Breach of Fiduciary Duty / Non-Dischargeability) (11 U.S.C. §523(a))**

25. Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

26. Upon information and belief, between January 29, 2017 and August 25, 2017, the Individual Defendant managed, controlled, and directed the credit purchase of perishable agricultural commodities from Plaintiff.

27. Upon information and belief, Fields Foods and the Individual Defendant received, in the regular course of business, funds subject to the PACA statutory trust which should have been used for the payment of Plaintiff's outstanding invoices, but were not.

28. Upon information and belief, Fields Foods and the Individual Defendant, in breach of their fiduciary obligations arising under PACA, directed the disbursement of trust funds for purposes other than making full and prompt payment to Plaintiff as required by PACA, 7 U.S.C. §499b(4), thereby heightening liability herein to the state of non-dischargeability pursuant to 11 U.S.C. §523(a).

29. As a direct result of the foregoing, Fields Foods and the Individual Defendant have violated their fiduciary duties as trustees in failing and refusing to make the payments required to satisfy the priority trust interests of Plaintiff, and, as a direct result, Plaintiff has suffered damages.

## COUNT V

## DEFENDANT FIELDS FOODS

### (Breach of Contract for Unpaid Invoices / Action on Account)

30. Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

31. Between January 29, 2017 and August 25, 2017, Fields Foods contracted with Plaintiff to purchase fresh produce on credit.

32. Plaintiff faithfully performed all aspects of the contract with Fields Foods receiving and accepting all the produce.

33. Plaintiff properly and timely invoiced each sales transaction, and pursuant to the payment terms between the parties, Fields Foods is in default to Plaintiff on all amounts unpaid and outstanding.

34. Fields Foods breached the contract by failing and refusing to pay Plaintiff the principal sum of $157,081.61 despite due demand. As a direct result of non-payment, Plaintiff has suffered damages, including interest and attorney fees.

## COUNT VI

## ALL DEFENDANTS

### (Interest and Attorney Fees)

35. Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

36. Pursuant to PACA, 7 U.S.C. §499e(c), and the Regulations promulgated thereunder, Fields Foods and the Individual Defendant were statutorily required to maintain a trust in favor of Plaintiff in order to make <u>full payment</u> to Plaintiff of said amount.

37. As a result of the failure of Fields Foods and the Individual Defendant to maintain the trust and to make full payment promptly, Plaintiff has been required to pay attorney fees and costs in order to bring this action to compel payment of the trust *res*.

38. As a result of the failure of Fields Foods and the Individual Defendant to comply with their statutorily mandated duties to maintain the trust and make full payment promptly, Plaintiff has lost the use of said money.

39. Plaintiff will not receive full payment as required by PACA, 7 U.S.C. §499e(c), if Plaintiff must expend part of said payment on attorney fees, and litigation costs, and also suffer the loss of interest on the outstanding amount owed, all because of violations by Fields Foods and the Individual Defendant of their statutory duties to maintain the trust and make full payment promptly.

40. In addition to the above recitals, Plaintiff maintains express claims for interests and attorney fees based upon the terms of sale listed on each invoice, as between merchants, which were bargained terms of the sales contract and are sums owing in connection with the produce transaction pursuant to 7 U.S.C. §499e(c)(2).

**WHEREFORE**, Plaintiff Caito Foods, LLC respectfully prays that this Court issue an Order:

    a. granting non-dischargeable judgment in favor of Plaintiff and against Defendants, F2F, LLC, d/b/a Fields Foods and d/b/a St. Louis Food HUB and Christopher Goodson, jointly and severally, in the principal amount of $157,081.61, together with pre- and post-judgment interests at the parties' contractual rate and the costs of this action;

b.  declaring and directing all Defendants to establish and/or preserve the trust fund consisting of funds sufficient to pay Plaintiff's principal trust claim of $157,081.61 plus attorney fees;

c.  enjoining until the entry of the relief herein requested and compliance therewith, all Defendants and their agents, employees, and representatives from in any way, directly or indirectly, interfering, assigning, or otherwise disposing of the above-described trust fund, or any interest therein, in whole or in part, absolutely or as security;

d.  declaring and directing all Defendants to assign, transfer, deliver, and turn over to Plaintiff as much of the above-described trust fund as is necessary to fully compensate Plaintiff for the damages it has suffered and continues to suffer; and

e.  granting Plaintiff reasonable costs and expenses, including attorney fees in this action, and such other relief, whether in law or in equity, as this Court deems just and proper.

Dated: April 10, 2018                                    Respectfully submitted,

*s/ Mark A. Amendola*
ERIC KYSER
  OH Bar ID No.: 0093927
MARK A. AMENDOLA
  OH Bar ID No.: 0042645
MARTYN AND ASSOCIATES
820 W. Superior Avenue, Tenth Floor
Cleveland, Ohio 44113
Telephone: (216) 861-4700
Facsimile: (216) 861-4703
Email: ekyser@martynlawfirm.com
           mamendola@martynlawfirm.com

Attorneys for Plaintiff: Caito Foods, LLC

9