# SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (the "Agreement") is entered into as of January 31, 2019 (the "Effective Date"), by and amongst: (1) Caito Foods, LLC, an Indiana limited liability company ("Plaintiff"); (2) F2F, LLC d/b/a Fields Foods d/b/a St. Louis Food HUB, a Missouri limited liability company ("Fields Foods"), and (3) Christopher Goodson, an individual (together with Fields Foods, the "Fields Foods Parties"). Plaintiff and the Fields Foods Parties may be collectively referred to herein as the "Parties" or individually as a "Party." It is hereby agreed between the above Parties as follows:

## RECITALS

**A.** Plaintiff brought this civil action captioned *Caito Foods, LLC, v. F2F, LLC et al.* in the United States District Court for the Eastern District of Missouri, Case No. 4:18-cv-00535-NCC (the "Plaintiff's Action"), alleging among other things, that Fields Foods ordered, received and accepted perishable agricultural commodities from Plaintiff and defaulted on the payment(s) therefor. The case was filed as a trust enforcement action pursuant to the Perishable Agricultural Commodities Act 7 U.S.C. §499 *et seq.* ("PACA") alongside ancillary state-based claims. As of the Effective Date the case is pending in litigation. The term "Claims" shall mean claims, defenses, and/or causes of action, if any, known or unknown, that the Parties have or may have against each other in relation to the transaction(s) between Plaintiff and the Fields Foods Parties as alleged by Plaintiff in the Plaintiff's Action, including without limitation, any and all PACA-related claims, and including any defenses by the Fields Foods Parties.

**B.** In compromise and settlement, the Fields Foods Parties have agreed to pay, and Plaintiff has agreed to accept, the sum of Two Hundred Thousand Dollars and No Cents ($200,000.00) ("Settlement Funds") as more fully set forth in Paragraph 2, below, as consideration for this Agreement.

**C.** By entering into this Agreement, the Parties desire to compromise and resolve any and all Claims they may have, and to enter into a full and final settlement of the Claims between and amongst the Parties hereto.

## AGREEMENT

NOW, THEREFORE, in consideration of the mutual promises and forbearances set forth herein, which the Parties hereby acknowledge, the Parties to this Agreement agree as follows:

1. <u>Recitals and Effective Date</u>. The above recitals are incorporated by reference and are part of the Parties' Agreement. This Agreement shall become effective on the date set forth above, once the Settlement Funds have been paid as indicated in Section 2 of this Agreement.

2. <u>Payment of the Settlement Funds</u>.

    2.1 <u>Security for Payments</u>. Concurrent with the execution of this Agreement, Fields Foods and Christopher Goodson shall both deliver to Plaintiff's counsel Martyn and

Associates the individual original executed Confessions of Judgment (the "Judgments"), forms of which are attached hereto, in the principal amount of One Hundred Fifty-Seven Thousand Eighty-One Dollars and Sixty-One Cents ($157,081.61), plus accrued interest of Forty-Seven Thousand Four Hundred Ninety-Three Dollars and Fifteen Cents ($47,493.15) at the contract rate of 18.00% per annum through January 31, 2019 and continuing to accrue at the contract rate thereafter and post-judgment until the balance is paid in full, plus Attorney Fees of Thirty-Two Thousand Eight Hundred Eight-Three Dollars and Four Cents ($32,883.04) ("Judgment Amount") to be held in escrow by Martyn and Associates as security for the installation payments to be made in Section 2.2, below. Plaintiff shall not file, record, abstract, report, or execute on the Judgments so long as the installment payments below are timely made by the Fields Foods Parties. Upon completion of all timely made payments in Section 2.2, below, Martyn and Associates shall return the original executed Judgments to counsel for the Fields Foods Parties.

        2.2     <u>Payment Structure of Settlement Funds</u>. The Parties agree that no later than January 31, 2019 the Fields Foods Parties will provide Plaintiff with both original executed Judgments as well as funds in the amount of Fifty Thousand Dollars and No Cents ($50,000.00) ("Down Payment"), in the form of **certified funds** made payable to "Martyn and Associates, In Trust," and delivered to Martyn and Associates, 820 W. Superior Avenue, Tenth Floor, Cleveland, Ohio 44113, attention Eric M. Kyser, Esq. The Down Payment together with the Judgments shall inure to the benefit of the Fields Foods Parties as partial consideration for the fulfillment of this Agreement. Upon receipt of the Down Payment, the receipt of the signed original Judgments, and the clearance of the Down Payment funds, Plaintiff will file a Voluntary Dismissal Without Prejudice as to all Defendants in Plaintiff's Action.

        Additionally, the Fields Foods Parties shall make three (3) additional installment payments. The three installment payments plus the Down Payment shall total Two Hundred Thousand Dollars and No Cents ($200,000.00) scheduled as follows:

| | |
|---|---|
| January 31, 2019 | $50,000.00 (Down Payment) |
| August 31, 2019 | $50,000.00 |
| December 31, 2019 | $50,000.00 |
| February 29, 2020 | $50,000.00 |
| **Total Installments:** | **$200,000.00** |

        2.3     <u>Default Provisions and Remedies</u>. In the event of a default in the installment payments which is not cured within ten (10) calendar days of receipt of written notice served on the Fields Foods Parties and their counsel, Plaintiff shall have the right to petition the United States District Court for the Eastern District of Missouri for entry of the Judgments in the principal amount of One Hundred Fifty-Seven Thousand Eighty-One Dollars and Sixty-One Cents ($157,081.61), plus accrued interest of Forty-Seven Thousand Four Hundred Ninety-Three Dollars and Fifteen Cents ($47,493.15) at the contract rate of 18.00% per annum through January 31, 2019 and continuing to accrue at the contract rate thereafter, plus Attorney Fees of Thirty-Two Thousand Eight Hundred Eight-Three Dollars and Four Cents ($32,883.04), less credit for payments made pursuant to this Agreement prior to default.

Within five (5) business days after clearance of funds of the Down Payment, Plaintiff shall cause the Plaintiff's Action to be dismissed without prejudice as to all Defendants, including Fields Foods and Christopher Goodson. However, the Parties agree that the United States District Court for the Eastern District of Missouri shall retain jurisdiction to hear and enforce this Agreement and for further relief, upon any act of default.

3. Release.

 3.1 The Fields Foods Parties' General Release of Plaintiffs. Except for the obligations set forth in this agreement, and conditioned upon the dismissal of the Plaintiff's Action without prejudice, the Fields Foods Parties, on behalf of themselves and on behalf of all of its affiliates, corporations, partnerships, limited liability companies, proprietorships, entities, interests in any trusts, interests in any estates, spouses, children, heirs, successors, assigns, employees, officers, directors, agents, attorneys, accountants, and each of them (collectively, the "Fields Foods Associates") otherwise unconditionally, irrevocably, absolutely, and generally release and discharge Plaintiff and their respective affiliates, corporations, partnerships, limited liability companies, proprietorships, entities, interest in any trusts, interest in any estates, spouses, children, heirs, successors, assigns, employees, officers, directors, agents, attorneys, accountants, and each of them (collectively, the "Plaintiff Associates") from the Claims, including but not limited to any and all loss, liability, demands, causes of action, defenses, offsets, or suits of any type, relating directly, to any transactions, affairs, or occurrences prior to the Effective Date, arising from or relating to the Claims.

 3.2 Plaintiff's General Release of the Fields Foods Parties. Except for the obligations set forth in this Agreement, and conditioned upon receipt and bank clearance of all Settlement Funds by Plaintiff, Plaintiff, on behalf of itself and on behalf of Plaintiff Associates, individually, and collectively, unconditionally, irrevocably, absolutely, and generally, release and discharge the Fields Foods Parties and the Fields Foods Associates from the Claims, including, but not limited to any and all loss, liability, claims, demands, causes of action, defenses, offsets, or suits of any type, related directly or indirectly to any transactions, affairs, or occurrences prior to the Effective Date, arising from or related to the Claim.

 3.3 Different Facts or Law. The Parties to this agreement acknowledge that they may discover facts or law different from, or in addition to, the facts and law they now know or believe to exist with respect to the Claims released in this Agreement. The Parties agree, nonetheless, that this Agreement and the releases contained in it shall be and remain effective in all respects, notwithstanding the subsequent discovery of any different or additional facts or law.

4. General Provisions.

 4.1 Joint Representation and Warranties. Each of the Parties represents and warrants, for the benefit of each of the other parties, that they are the owners of the interests and not hypothecated, whether voluntarily or involuntarily, by subrogation, operation of law, or otherwise, to any other person or entity. Such representations shall survive the full execution of the performance of this Agreement.

      4.2    <u>Interpretation</u>. All of the Parties to this Agreement are represented by counsel and have been represented by counsel throughout all negotiations which preceded the execution of this Agreement, or have had the opportunity and have chosen not to retain counsel. This Agreement has been reviewed by the Parties and their respective attorneys, and the Parties have had full opportunity to negotiate its contents. All Parties intend this Agreement to be complete and not subject to any claim of mistake. The Parties expressly waive any common law or statutory rule of construction that any ambiguity shall be construed against the drafter of this Agreement, and acknowledge that for purposes of any such rule, all Parties contributed equally to the drafting of this Agreement.

      4.3    <u>No Admissions</u>. By entering into this Agreement, no Party admits or concedes that it has any liability to any other Party, or has engaged or is now engaging in, any unlawful conduct. It is understood that this Agreement is not an admission of liability, but is a settlement and compromise of disputed Claims, and a decision by the Parties to avoid risks of litigation and to buy peace.

      4.4    <u>Amendments</u>. This Agreement may be amended only by a written instrument executed by all Parties.

      4.5    <u>Further Assurances</u>. Each Party shall, at its own cost and expense, execute and deliver such further documents and instruments, and shall take such other actions as may be reasonably required or appropriate to evidence or carry out the intent and purpose of this Agreement.

      4.6    <u>Binding Effect</u>. This Agreement shall be binding upon and inure to the benefit of the Parties and their respective past and present heirs, executors, administrators, trustors, trustees, beneficiaries, predecessors, successors, members, assigns, partners, partnerships, parents, subsidiaries, affiliated and related entities, officers, directors, principals, agents, advisors, servants, employees, representatives, insurance carriers and all persons, firms, associations and corporations connected with them.

      4.7    <u>Entire Agreement</u>. This Agreement constitutes the entire agreement between and Parties, except as otherwise confirmed in writing, pertaining to the subject matter hereof, and fully supersedes any and all prior understandings, representations, warranties and agreements between the Parties pertaining to the subject matter hereof. There are no collateral agreements or representations, written or oral.

      4.8    <u>Severability</u>. Should it ever be finally adjudicated by a court of competent jurisdiction that any term of this Agreement is unenforceable, that term shall be deemed to be deleted. However, the validity and enforceability of the remaining terms shall not be affected by the deletion of the unenforceable provision.

      4.9    <u>Governing Law</u>. This Agreement shall be interpreted in accordance with and governed in all respects by the laws of the State of Missouri, unless superseded by federal law.

  4.10 <u>Retention of PACA Trust Rights</u>.  Pending completion of this Settlement and full payment of the Settlement Funds, Plaintiff specifically retains all PACA trust rights and remedies.

  4.11 <u>Attorney Fees</u>. Except for the attorney fees contained in the Confessions of Judgment, each Party shall bear its own attorney fees and costs incurred up to and including the full execution of this Agreement.  In any action at law or equity between the Parties seeking enforcement of any of the terms and provisions of this Agreement, the prevailing Party in such action shall be awarded, in addition to damages or other relief, all costs and expenses, including but not limited to, actual attorney fees, and all other statutory and non-statutory costs of litigation.  Such recovery shall also include all such expenses and fees to enforce any judgment, and expenses and fees on appeal, if any.

  4.12 <u>Counterparts</u>.  This Agreement may be executed in any number of duplicates or counterparts, each of which shall be deemed to be an original, and all of which shall be deemed to be one and the same document.  Except as otherwise expressly stated herein, when all Parties have signed at least one such counterpart, this agreement shall be deemed fully executed.

  4.13 <u>Time is of the Essence</u>. Time is of the essence with respect to all provisions of this Agreement that specify a time for performance.

  4.14 <u>Confidentiality</u>. The terms and conditions of this Agreement shall remain confidential to the extent allowed by law, except that disclosure may be made to the parties' immediate family, attorneys, accountants, tax consultants, tax advisors, and/or financial advisors, provided that such third persons are advised that any such disclosure is confidential.

  4.15 <u>Waiver</u>.  No delay or omission to exercise any right, power, or remedy accruing to the Parties under this Agreement shall impair any right, power, or remedy of the Parties, nor shall it be construed as a waiver of, or consent to, any breach or default. No waiver of any breach, any failure of a condition, or any right or remedy under the Agreement (1) shall be effective unless it is in writing and signed by the party making the waiver; (2) shall be deemed to be a waiver of, or consent to, any other breach, failure of condition, or right or remedy; or (3) shall be deemed to continue a continuing waiver unless the writing expressly so states.

  4.16 <u>Heading</u>.  The headings in this Agreement are included primarily for convenience of reference and shall not be construed alone, by themselves, without reference to all other relevant provisions of this Agreement.

  4.17 <u>Joint and Several Liability</u>. The liability of the Fields Foods Parties shall be joint and several, and, except as expressly set forth in this Agreement, each of them shall be jointly and severally liable for performance of all of the obligations under this Agreement. Likewise, in the event of default, the Fields Foods Parties will be jointly and severally liable for the Judgments entered against them and for any subsequent collection thereon.

IN WITNESS WHEREOF, the Parties have executed this Agreement effectively as of the dates set forth below.

| | |
|---|---|
| F2F, LLC<br>d/b/a Fields Foods d/b/a St. Louis Food HUB<br>a Missouri Limited Liability Company<br>By: _Goody_ (signature)<br>Name: Chris Goodson<br>Its: mg mem<br>Date: 2/6/2019 | Caito Foods, LLC<br>an Indiana limited liability company<br><br>By: _____<br>Name: _____<br>Its: _____<br>Date: _____ |

Christopher Goodson
an Individual

By: _Goody_ (signature)
Name: Christopher Goodson
Date: 2/6/2019

IN WITNESS WHEREOF, the Parties have executed this Agreement effectively as of the dates set forth below.

F2F, LLC  
d/b/a Fields Foods d/b/a St. Louis Food HUB  
a Missouri Limited Liability Company  
By: _____  
Name: _____  
Its: _____  
Date: _____  

Christopher Goodson  
an Individual  

By: _____  
Name: Christopher Goodson  
Date: _____  

Caito Foods, LLC  
an Indiana limited liability company  
By: *[signature]*  
Name: Bill Jacobs  
Its: Authorized Agent  
Date: 2/11/18