UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| **CAITO FOODS, LLC,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-CV-00535-NCC |
| | ) | |
| **F2F, LLC d/b/a St. Louis Food HUB and d/b/a Fields Foods, and CHRISTOPHER GOODSON,** | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Caito Foods, LLC's ("Plaintiff") Motion to Reopen Case and for Entry of Judgment (Doc. 28). Defendants have not responded and the time to do so has elapsed. E.D. Mo. L.R. 4.01. Plaintiff requests the Court reopen the case, closed on February 21, 2019, for the purpose of entering Judgment in favor of Plaintiff (Doc. 28 at 3). In support of its request, Plaintiff argues that the parties specifically stipulated to reopen the case for entry of Judgment in the event the Settlement Agreement is breached and Defendants have breached the Settlement Agreement (Doc. 26). For the following reasons, Plaintiff's Motion will be **DENIED**.

Federal courts are courts of limited jurisdiction; they possess only that power authorized by the Constitution and Federal Statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The Doctrine of "Ancillary Jurisdiction" recognizes federal courts' jurisdiction over some matters otherwise beyond their competence that are incidental to other matters properly before them. *Id.* A district court that entered a stipulation and order of dismissal after the parties settled the action under Federal Rule of Civil Procedure 41(a)(1)(A)(ii) does not have inherent power to enforce terms of the settlement agreement under the doctrine of ancillary jurisdiction. *Kokkonen,* 511 U.S. at 381-82. A

Court is authorized to embody the settlement contract in its dismissal order if the parties agree. *Id.* "Absent such action, however, enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction." *Id.* at 382.

On April 10, 2018, Plaintiff filed this action against Defendants F2F, LLC d/b/a St. Louis Food HUB and d/b/a Fields Foods, and Christopher Goodson for Defendants' alleged failure to pay for perishable agricultural commodities (Doc. 1). On February 19, 2019, the parties filed a Stipulation for Dismissal without Prejudice indicating that pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the parties stipulate to the dismissal of the action without prejudice, with the parties to bear their own fees and costs excluding those fees and costs addressed in the Settlement Agreement (Doc. 26). The parties further stipulated that "any failure to abide by the Settlement Agreement allows Plaintiff the ability to reopen this case on motion for the purpose of filing executed Confessions of Judgment" (Doc. 26). The Court acknowledged the Stipulation on February 21, 2019, dismissed this matter without prejudice, and closed this case (Doc. 27).

The Court finds that it does not have ancillary jurisdiction to enforce the Settlement Agreement between the parties by reopening the action and entering judgment. While the Dismissal Order acknowledged the parties' Stipulation, neither the Stipulation nor the Dismissal Order indicate that the Court retains jurisdiction to enforce the terms of the Settlement Agreement. *Miener By & Through Miener v. Missouri Dep't of Mental Health*, 62 F.3d 1126, 1127 (8th Cir. 1995). *See also W. Thrift & Loan Corp. v. Rucci,* 812 F.3d 722, 724 (8th Cir. 2016) (a district court may retain ancillary jurisdiction to enforce a settlement agreement when its order dismissing the case reserves such jurisdiction); *SmallBizPros, Inc. v. MacDonald*, 618 F.3d 458, 464 (5th Cir. 2010) ("Because neither the Stipulation nor the Order used explicit 'retention of jurisdiction' language, it cannot be the basis for ancillary jurisdiction."). The Court also did not sign or otherwise incorporate the Settlement Agreement into its

order acknowledging the parties' Stipulation. *See Kokkonen*, 511 U.S. at 381 (a district court has post-dismissal ancillary jurisdiction to enforce settlement agreement only if the parties' obligation to comply with the terms of the agreement has been made a part of the dismissal order either by separate provision or by incorporating terms of the agreement in the order). *See also cf. Murphy v. Missouri Dep't of Corr.*, No. 2:84-CV-92 (CEJ), 2016 WL 659023, at *1 (E.D. Mo. Feb. 18, 2016) (finding jurisdiction over the settlement agreement when the court signed the parties' settlement agreement).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Caito Foods, LLC's Motion to Reopen Case and for Entry of Judgment (Doc. 28) is **DENIED**.

Dated this 30th day of December, 2019.

　　　　　　　　　　　　　　　　　　/s/ Noelle C. Collins
　　　　　　　　　　　　　　　　　　NOELLE C. COLLINS
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE